GREGORY J. KOEBEL
ROBERT J. O'CONNOR
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Plaintiff John K. Baldwin

FILED
Clerk
District Court

MAY 30 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

JOHN K. BALDWIN,                )
                                )
        Plaintiff,               )  CIVIL ACTION NO. _____
                                )
    vs.                          )  CV 08 0024
                                )
UNITED STATES OF AMERICA,        )
                                )
        Defendant.               )
_____)

PLAINTIFF'S ORIGINAL COMPLAINT
AND APPLICATION FOR INJUNCTIVE RELIEF

1.     This action arises, and the Court has jurisdiction, pursuant to 28 U.S.C. § 1340 and under the general equity jurisdiction of the Federal District Courts.

2.     The illegality of the tax sought to be enjoined, and the circumstances of this action, which appear more fully herein, constitute such special, extraordinary and exceptional circumstances as to qualify as an exception to Section 7421(a) of the Internal Revenue Code of 1954.

PARTIES

3.     Plaintiff John K. Baldwin ("Baldwin") is an individual and United States citizen, residing within the United States District for the Commonwealth of Northern Marianas Islands.

PLAINTIFF'S ORIGINAL COMPLAINT AND
APPLICATION FOR INJUNCTIVE RELIEF - Page 1 of 5

4.   Defendant is the United States of America ("Defendant").

5.   In this action, Defendant may be served by hand delivering a copy of this Complaint to Craig Moore, United States Attorney's Office for the District of the Northern Mariana Islands, Horiguchi Building, Garapan, Saipan MP 96950; and mailing two (2) copies of this Complaint by certified mail, return receipt requested, to the Honorable Michael Mukasey, Attorney General of the United States, (Attention: Rick Ward, Tax Division), 10th and Pennsylvania Avenue, NW, Washington, D.C. 20530; and to Rosalee Hofman (#59-00862), Internal Revenue Service, 850 Trafalgar Court, Suite 200, Stop 4366, Maitland, Florida 32751.

### UNDERLYING FACTS

6.   In 2002, Baldwin was a 99.9999% shareholder of Sunset Management, L.L.C. ("Sunset"), a partner of Fulham, L.L.C. ("Fulham"). True and correct copies of the Form 1065 for Sunset and Fulham will be attached to as Exhibits 3 and 4, respectively, to the May 28, 2008 Affidavit of David Jensen in Support of Plaintiff's Emergency Motion for Temporary Restraining Order, which Plaintiff expects to submit to Defendant and to the Court with a motion to file under seal on May 30, 2008 ("Jensen Aff.").

7.   Defendant made an income tax assessment against Baldwin in the amount of $5,131,076 for tax year 2002. A true and correct copy of the Notice of Deficiency will be attached to as Exhibit 1 to the Jensen Aff. Included in the adjustment to Baldwin's income for 2002, was the disallowance of a loss of $5,603,892 from Sunset. (Exhibit 1 to Jensen Aff.). This loss from Sunset was claimed by Baldwin as a pass-through loss originating from Fulham. (Exhibit 4 to Jensen Aff.).

PLAINTIFF'S ORIGINAL COMPLAINT AND
APPLICATION FOR INJUNCTIVE RELIEF - Page 2 of 5

8. Fulham is a partnership regulated by the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA") and, therefore, its tax treatment is determined at the partnership level pursuant to I.R.C. § 6221 and is subject to the provisions of I.R.C. §§ 6221 through 6234. Fulham is currently the subject of a TEFRA investigation through Defendant's Maitland, Florida Internal Revenue Service office.

9. Under I.R.C. § 6225(a), Defendant lacks legal authority to assess a deficiency against Baldwin that is attributable to Fulham until the completion of the TEFRA proceeding. As such, the assessment against Baldwin, as it relates to the disallowance of the loss of $5,603,892 originating from Fulham and passing through to Baldwin via Sunset, was void at its inception.

10. This is thus a situation in which under no circumstances could the government prevail on the issue and thus the purported assessment is merely an extraction in the guise of a tax.

11. Baldwin has attempted to resolve the matter administratively, and while Defendant has admitted the assessment is premature and wholly illegal, the revenue agent assigned to the case, the collection service center and the Taxpayer Advocate all say they are either unwilling and/or without power to correct the situation.

12. Notwithstanding, Defendant has expressed its intention to levy on Baldwin's property to satisfy the illegal and void assessment, totaling, with associated penalties, an amount in excess of seven million dollars.

13. Baldwin has no adequate remedy at law and will suffer irreparable injury and will be without an adequate remedy at law unless Defendant is enjoined both permanently and during the pendency of this action from collecting the illegal portion of this tax, and, pending the hearing on the preliminary injunction, is temporarily restrained from collection of this tax.

14. Baldwin is statutorily unable to immediately sue for a refund should he pay the illegal portion of the assessment and the statute of limitations of any refund suit after the issuance of the Final Partnership Administrative Adjustment ("FPAA") may lapse, causing imminent risk that that Baldwin will be forced to pay additional taxes following the FPAA without opportunity to obtain a refund of the current illegal assessment.

15. Baldwin is willing to pay the challenged but properly assessed portion of the 2002 assessment that relates to his personal return.

16. The injunctive relief herein prayed is not precluded by 26 U.S.C. § 7421(a) because the assessment is illegal and void and enforcement of the tax against Baldwin would cause irreparable harm for which he has no adequate remedy at law. Moreover, an invalid TEFRA assessment, such as the one present in this case, is specifically excepted from 26 U.S.C. § 7421(a).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for the judgment as follows:

1. That the assessment against Baldwin, as it relates to the partnership loss of $5,603,892, as described herein, be adjudged illegal and invalid;

2. That Defendant be enjoined, both permanently and during the pendency of this action, and pending the hearing on the preliminary injunction, temporarily restrained, from collecting or attempting to collect from Plaintiff, any tax, interest or penalties purportedly sought to be assessed as a result of the partnership loss, as described herein;

PLAINTIFF'S ORIGINAL COMPLAINT AND
APPLICATION FOR INJUNCTIVE RELIEF - Page 4 of 5

3. That defendant be enjoined from perfecting or attempting to perfect, any tax lien arising from the assessment against Baldwin, as it relates to the partnership loss of $5,603,892.

4. That the Court to set his application for preliminary injunction for hearing at the earliest possible time;

5. That the Court set his application for injunctive relief for a full trial on the issues in this application and, after trial, issue a permanent injunction against Defendant; and

6. For cost and such further relief as is proper.

Respectfully submitted on this 30th day of May, 2008.

By: _____
Gregory J. Koebel

*080530-COMPLAINT*

PLAINTIFF'S ORIGINAL COMPLAINT AND
APPLICATION FOR INJUNCTIVE RELIEF - Page 5 of 5