1  **GREGORY J. KOEBEL**
**ROBERT J. O'CONNOR**
2  **O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
3  **P.O. Box 501969**
**Saipan, MP96950**
4  **Telephone No. (670) 234-5684**
5  **Facsimile No. (670) 234-5683**

6  **Attorneys for Plaintiff John K. Baldwin**

7

8                    **IN THE UNITED STATES DISTRICT COURT**
                    **FOR THE NORTHERN MARIANA ISLANDS**

9  **JOHN K. BALDWIN,**                                    )
                                                           )
10                    **Plaintiff,**                       )    **CIVIL ACTION NO.  08-0024**
                                                           )
11          **vs.**                                        )
                                                           )
12  **UNITED STATES OF AMERICA,**                          )
                                                           )
13                    **Defendant.**                       )
                                                           )
14  _____                   )

15

16

17          # PLAINTIFF'S EMERGENCY MOTION
18          # UNDER LOCAL RULE 7.1.h.3(B)

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1.h.3(b)

2

3   GREGORY J. KOEBEL
    ROBERT J. O'CONNOR
4   O'Connor Berman Dotts & Banes
    Second Floor, Nauru Building
5   P.O. Box 501969
    Saipan, MP 96950
6   670.234.5684
    670.234.5683 (facsimile)
7

8   Attorneys for Plaintiff John K. Baldwin

9   CRAIG MOORE
    United States Attorney's Office for the
10  Northern District of the Northern Mariana Islands
    Horiguchi Building
11  Garapan, Saipan MP 96950
    p. (670) 236-2980
12  f. (670) 234-2945

13
    THE HONORABLE MICHAEL MUKASEY
14  Attorney General of the United States of America
    10th and Pennsylvania Ave., NW
15  Washington, D.C. 20530
    p. (202) 353-1555
16  Attorneys for Defendant United States of America

17

18                  **Facts Supporting Emergency Nature of Motion**
            Defendant has threatened to file notices of federal tax lien and levy against the property
19  of Plaintiff based upon a portion of a tax deficiency illegally assessed. Without the relief sought
20  herein, Plaintiff will lose remedies to which he is entitled and may be subject to paying the
    illegally assessed tax deficiency twice in order to recover it.
21

22                      **Notification of Opposing Counsel**
            Counsel for Defendant was notified of and served with the current motion and
23  memoranda in support by electronic service on the 30th day of May, 2008.

24                                                        _____
25                                                        Gregory J. Koebel

26

27

28

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ..................................................................................1

II.    UNDERLYING FACTS..........................................................................................2

III.   EVIDENCE IN SUPPORT........................................................................................3

IV.    SUMMARY OF ARGUMENT ..................................................................................3

V.     ARGUMENT AND AUTHORITIES.........................................................................4

       A.    Plaintiff Has A Statutory Basis For The Issuance Of
             An Injunction ...............................................................................4

       B.    The Common Law Standard For Obtaining Injunctive
             Relief Is Not Applicable Here ......................................................6

       C.    Even Using The Common Law Standard, Plaintiff
             Is Entitled To An Injunction..........................................................7

       D.    The Illegal Portion Of The Assessment Should Be
             Abated ...........................................................................................9

VI.    CONCLUSION.........................................................................................................9

i

## TABLE OF AUTHORITIES

**Page**

### CASES

*Bob Jones Univ. v. Simon,*
   416 U.S. 725 (1974)..................................................................6

*Cool Fuel, Inc. v. Connett,*
   685 F.2d 309 (9th Cir. 1982))..........................................................6, 9

*Elias v. Connett,*
   908 F.2d 521 (9th Cir. 1990) ..........................................................5-6

*Enochs v. Williams Packing,*
   370 U.S. 1 (1962)......................................................................7

*Gardner v. United States,*
   211 F.3d 1305 (D.C. Cir. 2000)......................................................4-5, 7, 9

*Granny Goose Foods, Inc. v. Bhd. of Teamsters,*
   415 U.S. 423 (1974)....................................................................4

*Granquist v. Hackelman,*
   264 F.2d 9 (9th Cir. 1959) ............................................................7, 8

*Gunn v. Mathis,*
   157 F. Supp. 169 (W.D. Ark. 1958) ....................................................7

*Guthrie v. Sawyer,*
   970 F.2d 733 (10th Cir. 1992) .........................................................7

*In re Crowell,*
   305 F.3d 474 (6th Cir. 2002) ..........................................................5

*Jensen v. Internal Revenue Serv.,*
   835 F.2d 196 (9th Cir. 1987) ........................................................8-9

*L.O.C. Indus., Inc. v. United States,*
   423 F. Supp. 265 (M.D. Tenn. 1976)...................................................7

*Laing v. United States,*
   423 U.S. 161 (1976)...................................................................6, 7

*Omohundro v. United States,*
   300 F.3d 1065 (9th Cir. 2002) .........................................................8

*Philadelphia & Reading Corp. v. Beck,*
676 F.2d 1159 (7th Cir. 1982) ..................................................................................9

*Prati v. United States,*
81 Fed. Cl. 422 (Ct. Cl. 2008) ............................................................................5, 8

*Prochorenko v. United States,*
243 F.3d 1359 (Fed. Cir. 2001) ..............................................................................8

*Tenn. Valley Auth. v. Hill,*
437 U.S. 153 (1978)..................................................................................................4

*United States v. Dalm,*
494 U.S. 596 (1990)..................................................................................................8

*Weinberger v. Romero-Barcelo,*
456 U.S. 305 (1982)..............................................................................................4-5

## **STATUTES and RULES**

26 U.S.C.A. § 6225 (West, Westlaw current through P.L. 110-231, 2008) ......................................8

26 U.S.C.A. § 6225(a) (West, Westlaw current through P.L. 110-231, 2008)..................................6

26 U.S.C.A. § 6225(a)(1) (West, Westlaw current through P.L. 110-231, 2008)...........................5

26 U.S.C.A. § 6225(b) (West, Westlaw current through P.L. 110-231, 2008) ................................5

26 U.S.C.A. § 6228(b) (West, Westlaw current through P.L. 110-231, 2008) ................................8

26 U.S.C.A. § 6230(c) (West, Westlaw current through P.L. 110-231, 2008)..................................8

26 U.S.C.A. § 6231(a)(3) (West, Westlaw current through P.L. 110-231, 2008) ...........................8

26 U.S.C.A. § 6511(a) (West, Westlaw current through P.L. 110-231, 2008)..................................8

26 U.S.C.A. § 7421(a) (West, Westlaw current through P.L. 110-231, 2008)..................................5

26 U.S.C.A. § 7422(h) (West, Westlaw current through P.L. 110-231, 2008) .................................8

26 C.F.R. § 301.6231(a)(3)-1 .....................................................................................................8

FED. R. CIV. P. 7.......................................................................................................................1

FED. R. CIV. P. 65....................................................................................................................1

1

## <u>MISCELLANEOUS CITES</u>

2  I.R.S. Bulletin No. 367 (April, 1991), 1991 GLB LEXIS 8....................................................................... 6-7

3  J. MERTENS, JR.,
4      MERTENS LAW OF FEDERAL INCOME TAXATION § 49 E. 39 (1991) ............................................7

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GREGORY J. KOEBEL**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**670.234.5684**
**670.234.5683 (facsimile)**

**Attorneys for Plaintiff John K. Baldwin**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| **JOHN K. BALDWIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 08-0024** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND MEMORANDUM OF LAW IN SUPPORT**

TO THE HONORABLE DISTRICT COURT JUDGE:

John K. Baldwin ("Baldwin" or "Plaintiff"), pursuant to Federal Rules of Civil Procedure 7 and 65, and 26 U.S.C. § 6225, respectfully requests the court to grant his Emergency Motion for Temporary Restraining Order based upon the arguments and authorities contained herein, as follows:

### I.

### PRELIMINARY STATEMENT

In connection with an audit of and assessment against John Baldwin personally, the Internal Revenue Service (the "Service") improperly included an assessment for tax liability deriving from losses from one or more partnerships currently undergoing Tax Equity and Fiscal

1

Responsibility Act of 1982 ("TEFRA") audits.  Because the Internal Revenue Code ("IRC") prohibits assessments attributable to partnership items made prior to the issuance of a final partnership administrative adjustment ("FPAA"), the tax assessment is illegal and any collection activities by Defendant must be restrained.

## II.

## UNDERLYING FACTS

In 2002, Baldwin was a 99.9999% shareholder of Sunset Management, L.L.C. ("Sunset"), a partner of Fulham, L.L.C. ("Fulham"), a partner in Claston, L.L.C. ("Claston").[1] Defendant made an income tax assessment against Baldwin in the amount of $5,131,076 for tax year 2002.[2]  Defendant has since notified Baldwin of its intent to levy against Baldwin's property for the amount allegedly owed, which including interest and penalties totals approximately eight million dollars.[3]

Included in the adjustment to Baldwin's income for 2002, was the disallowance of a loss of $5,603,892 from Sunset.[4]  This loss was claimed by Baldwin as a pass-through loss originating from Fulham and/or Claston.[5]  The portion of the assessment made against Baldwin that was attributable to the loss from Fulham and/or Claston makes up approximately forty percent of the taxes Defendant claims Baldwin owes.[6]

---

[1] *See* Affidavit of David Jensen ("Jensen Aff.") dated May 28, 2008, ¶ 2, annexed hereto as Exhibit A.

[2] *Id.* at ¶3, Ex. 1.

[3] *Id.* at ¶4, Ex. 2.

[4] *Id.* at ¶5, Ex. 1.

[5] *Id.* at ¶5, Ex. 4.

[6] *Id.* at ¶6, Ex. 1.

1   Fulham and Claston are partnerships regulated by TEFRA and are currently undergoing

2   TEFRA audits by Defendant's Maitland, Florida office.[7]  No FPAA has been issued to either

3   Fulham or Claston.[8]  In light of the assessment against Baldwin made during an ongoing TEFRA

4   investigation, Baldwin has sued Defendant for temporary, preliminary and permanent injunctive

5   relief, seeking to enjoin Defendant's collection activities of the illegal and void portion of his tax

6   assessment.[9]  Baldwin now seeks a temporary restraining order herein to restrain any collection

7   activities, including the filing of any notice of federal tax lien, until a hearing can be held on the

8   temporary injunction.

9

10                                      **III.**

11                          **EVIDENCE IN SUPPORT**

12   This Motion is based upon the pleadings and other papers filed in this case and the

13   arguments and authorities herein, as well as the following evidence attached hereto and

14   incorporated in this Motion for all purposes:

15   Exhibits A and B:    Affidavits of David Jensen ("Jensen Aff.") and Ed Robbins and

16   Exhibits in support.

17

18                                      **IV.**

19                          **SUMMARY OF ARGUMENT**

20   The IRC specifically authorizes an injunction of Defendant's collection activities with

21   regard to the portion of the taxes assessed against Baldwin that are attributable to a TEFRA

22   partnership item as to which no FPAA has been issued.  Accordingly, it is not necessary for

23   Baldwin to establish the common law factors typically used as a basis to obtain injunctive relief.

24

25   _____

26   [7] *Id.*, ¶7.

27   [8] *Id.*, ¶7.

28   [9] *See* Plaintiff's Original Complaint and Application for Injunctive Relief filed in this action.

                                        3

However, even if the standard criteria for awarding equitable relief were required to be met, Baldwin is entitled to an injunction because under no circumstances can the government prevail on this issue and without the injunction, he will lose certain remedies and be at risk for having to pay the TEFRA-related taxes, not just once, but twice, in order to challenge the Service's disallowance of the underlying loss. In short, on both statutory and common law grounds, Baldwin is entitled to a temporary restraining order to halt any collection activities of Defendant with regard to its illegal assessment.

## V.

## ARGUMENT AND AUTHORITIES

### A. Plaintiff Has A Statutory Basis For The Issuance Of An Injunction.

The portion of the tax assessment against Baldwin that derives from the disallowance of a loss derived from a TEFRA partnership is premature and illegal, and any collection activities, including the filing of any related notice of federal tax lien, must be immediately restrained by this Court. The purpose of a temporary restraining order is to preserve the status quo of the subject matter of the litigation and prevent harm until a hearing can be held on the preliminary injunction.[10] When a statute authorizes injunctive relief, the specific requirements of the statute trump traditional equitable requirements, such as irreparable harm, otherwise required for obtaining injunctive relief.[11] In other words, as the Supreme Court has held, when a statute

---

[10] *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974).

[11] *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 173, 193-95 (1978) (rejecting equitable balancing test used by district court when statutory mandate authorized injunction in specified circumstances).

4

contains a "flat ban" on a challenged activity, "Congress has foreclosed the exercise of the usual discretion possessed by a court of equity."[12]

Here, the Internal Revenue Code provides for injunctive relief and mandates immediate restraint of Defendant's collection activities with regard to the portion of taxes assessed against Baldwin that are attributed to the partnership. Specifically, 26 U.S.C.A. § 6225(a)(1) explicitly provides that: "no assessment of a deficiency attributable to any partnership item may be made . . . before . . . the close of the 150th day after the day on which a notice of final partnership administrative adjustment [FPAA] was mailed to the tax matters partner[.]"[13] Section 6225(b) further mandates that *any action taken in violation of subsection (a)(1) may be enjoined.*[14] The mandatory nature of this exception is aligned with the overall purpose of TEFRA: to create "a single unified procedure for determining the tax treatment of all partnership items at the partnership level, rather than separately at the partner level."[15] Thus, while 26 U.S.C.A. § 7421(a) generally prohibits the filing of suit to restrain assessment or collection of taxes, Congress carved out multiple statutory exceptions to this general rule, including illegal TEFRA assessments such as the one here.[16] In sum, because Fulham and Claston are currently

---

[12] *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313-14 (1982) (acknowledging rule set forth in *Tenn. Valley Auth.* that statutory mandate can obviate equitable balancing test); *Gardner v. United States*, 211 F.3d 1305, 1311-12 (D.C. Cir. 2000).

[13] 26 U.S.C.A. § 6225(a)(1) (West, Westlaw current through P.L. 110-231, 2008).

[14] 26 U.S.C.A. § 6225(b) (emphasis added).

[15] *Prati v. United States*, 81 Fed. Cl. 422, 427 (2008) (quoting *In re Crowell*, 305 F.3d 474, 478 (6th Cir. 2002)).

[16] 26 U.S.C.A. § 7421(a) provides, "[e]xcept as provided in sections 6015(e), 6212(a) and (c), 6213(a), *6225(b)*, 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." (emphasis added). A judicial exception has also been carved out of the Anti-Injunction Act: this exception requires the taxpayer to demonstrate 1) under no circumstances can the government ultimately prevail on the merits; and 2) the taxpayer will suffer irreparable injury without injunctive relief. *Elias v. Connett*, 908 F.2d 521, 525 (9th Cir. 1990). Because Defendant illegally assessed the portion of taxes in question against Baldwin, he meets the first requirement of this exception. *See* Section IV.A., *supra*. The second requirement is also met in this case. *See* Section IV.C., *infra*.

undergoing TEFRA examinations by Defendant and no FPAAs have been issued, the portion of Defendant's assessment against Baldwin with regard to the partnership loss is illegal and any collection activity is improper and may be enjoined.

**B.    The Common Law Standard For Obtaining Injunctive Relief Is Not Applicable Here.**

Defendant may argue that Baldwin must also demonstrate the traditional equitable bases for obtaining an injunction, citing *Cool Fuel, Inc. v. Connett*.[17]   *Cool Fuel*, in which the court required the taxpayer to establish an equitable basis for relief, involved the Service's failure to mail a notice of deficiency to the taxpayer.[18]   Neither *Cool Fuel*,[19] nor any of its progeny, involve application of § 6225(a),[20] and an assessment deriving from partnership items, which is flatly illegal when the TEFRA audit is incomplete.  Moreover, in *Cool Fuel*, the pertinent IRC provisions at issue did not put at risk the taxpayer's ability to pay the taxes owed and sue for a refund, which is the case here.[21]

In addition, the Service has issued a legal opinion stating that the IRS did not and does not intend to impose the requirement that the taxpayer prove the elements otherwise required for

---

[17] *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313 (9th Cir. 1982).

[18] *Id.* at 313.

[19] *Id.*

[20] When <u>no</u> statutory exceptions to the Anti-Injunction Act are implicated, obviously the common law requirements for the issuance of an injunction must be met. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.6, 742 n.16 (1974).  When, however, statutory exceptions were implicated, the Supreme Court has found an injunction against assessment appropriate <u>without</u> any discussion of the traditional equitable basis for an injunction. *Laing v. United States*, 423 U.S. 161, 184 & n.27 (1976).

[21] *See* Section IV.C., *infra*.

6

equitable relief *if, as here, there was no dispute that the assessment was illegal.*[22]  Thus, the Service concedes "the court should ordinarily presume that the taxpayer has established entitlement to equitable relief where the Service has violated the statute."[23]

Not surprisingly, other circuits have flatly rejected *Cool Fuel*, pointing to the clear statutory mandate.[24]  However, it is not necessary for this court to reject *Cool Fuel* to enter an injunction here.  The circumstances are, as discussed above, distinguishable and Service's current policy is to allow injunctions where, as here, there has been a concededly illegal assessment.

## C.    Even Using The Common Law Standard, Plaintiff Is Entitled To An Injunction.

Even if this case did not, as it does, fit squarely into the statutory exclusion from the Anti-Injunction Act, under *Enochs v. Williams Packing*, 370 U.S. 1, 7 (1962) Baldwin is entitled to pursue an injunction because "it is clear that under no circumstances could the Government ultimately prevail" in collecting TEFRA partnership taxes on the basis of an assessment made before the TEFRA audit is even complete.  When the government pursues the collection of taxes in a wholly illegal fashion "equity jurisdiction . . . exists" because "in such a situation the [attempted] extraction is merely 'in the guise if a tax.'"[25]  Moreover, even if Baldwin is required

---

[22] I.R.S. Bulletin No. 367 (April, 1991) 1991 GLB LEXIS 8, at *11 (emphasis added)

[23] *Id.*  A leading commentator agrees, as do several circuit courts. *E.g., Guthrie v. Sawyer*, 970 F.2d 733, 736 (10th Cir. 1992) (citing J. MERTENS, JR., MERTENS LAW OF FEDERAL INCOME TAXATION § 49 E. 39 (1991) (irreparable harm not required)).  Among other things, allowing an injunction is the *only* means to preserve for a taxpayer his statutorily guaranteed right to file suit in Tax Court *without* first paying the taxes, interest and penalties asserted to be due. *Guthrie*, 970 F.2d at 736; *accord Gardner*, 211 F.3d at 1311-12.

[24] *E.g., Gardner*, 211 F.3d at 1311-12; *Guthrie*, 970 F.2d at 736-37.  Other courts have also ordered an injunction without mention of equitable factors. *See, e.g., Laing*, 423 U.S. at 184; *Granquist v. Hackelman*, 264 F.2d 9, 13-17 (9th Cir. 1959); *L.O.C. Indus., Inc. v. United States*, 423 F. Supp. 265, 274 (M.D. Tenn. 1976); *Gunn v. Mathis*, 157 F. Supp. 169, 178 n.4 (W.D. Ark. 1958).

[25] *Enochs*, 370 U.S. at 7.

7

to meet traditional standards for obtaining equitable relief, he is entitled to an injunction because he has no adequate remedy at law and denial of an injunction would cause him irreparable injury.

26 U.S.C.A. § 7422(h) states that "no action may be brought for a refund attributable to partnership items," as defined in section 6231(a)(3),[26] which includes the partnership losses at issue here.[27] Should Baldwin pay the portion of the assessed taxes attributable to the TEFRA partnerships from which they derive, the IRS may argue that he may not file suit to recoup those taxes illegally assessed pursuant to 26 U.S.C.A. § 6225, rendering him without remedy.

Paying his current tax assessment will also begin the statute of limitations for any refund suit that could be filed following issuance of the FPAA.[28] However, a TEFRA partner has no recourse should a FPAA be untimely, thus there is no remedy if the statute of limitations lapses prior to the FPAA's issuance.[29] Under this scenario, Baldwin could again be denied an ability to file suit for a refund. Courts hold that deprivation of the opportunity to litigate an alleged tax liability before paying the tax may cause substantial hardship to a taxpayer.[30] Such a loss of judicial process provides equitable grounds to support injunctive relief, especially when coupled with the financial burden placed upon Baldwin should he pay the illegal portion of the assessment, and then arguably be required to pay it again when an FRAA resulting from the

---

[26] The exceptions to this rule are applicable here because Baldwin does not seek a refund based upon a computational error under § 6230(c), nor does he seek review of the Internal Revenue Service's denial of a request for an administrative adjustment under § 6228(b).

[27] 26 C.F.R. § 301.6231(a)(3)-1; *see also Prochorenko v. United States*, 243 F.3d 1359, 1363 (Fed. Cir. 2001).

[28] 26 U.S.C.A. § 6511(a); *Omohundro v. United States*, 300 F.3d 1065, 1066 (9th Cir. 2002).

[29] *Prati v. United States*, 81 Fed. Cl. at 429; *United States v. Dalm*, 494 U.S. 596 (1990).

[30] *Jensen v. Internal Revenue Serv.*, 835 F.2d 196, 199 (9th Cir. 1987) (citing *Granquist*, 264 F.2d at 14).

8

TEFRA audit is issued.[31]  Baldwin attempted to resolve the matter administratively, and while Defendant has admitted the assessment is premature and wholly illegal, the revenue agent assigned to the case, the collection service center and the Taxpayer Advocate all say they are either unwilling and/or without power to correct the situation.[32]

Thus, the cases in which the requirement that a taxpayer pay the assessment before seeking a refund is rejected as a basis for equitable relief are inapplicable here.[33]  Moreover, the better view in any event is that requiring a taxpayer to pay to challenge an illegal assessment is as a matter of law a basis for injunctive relief.[34]

**D.    The Illegal Portion Of The Assessment Should Be Abated.**

In addition to the foregoing, Baldwin suggests that Defendant voluntarily abate the illegal portion of his tax assessment.  Once abated, Baldwin is willing to pay the remainder of the taxes assessed and await a final determination of his partnership liabilities following issuance of the FPAA.  This would resolve the issues in this lawsuit, and Baldwin would not face risk of double payment to Defendant.

## IV.

## CONCLUSION

Based upon the foregoing rationale, Plaintiff is entitled to a temporary restraining order.  The portion of his tax assessment derived from partnerships still under TEFRA audit was an illegal assessment and collection activities with respect thereto must be restrained.  Further,

---

[31] *Id.*; Jensen Aff. ¶8.

[32] Affidavit of Ed Robbins dated May 28, 2008 ¶¶ 8-11 and Exs. 7, 8 & 9, annexed hereto as Exhibit B.

[33] *E.g., Cool Fuel,* 685 F.2d at 313.

[34] *Gardner,* 211 F.3d at 1311-12; *Philadelphia & Reading Corp. v. Beck,* 676 F.2d 1159, 1163 (7th Cir. 1982) (inability to preserve right to sue without paying first is "per se" irreparable harm).

9

than willing to pay the legally assessed (albeit challenged) portion of his assessment.  Plaintiff

1  Baldwin will suffer irreparable harm and has no adequate remedy at law should a temporary
2  restraining order and injunctive relief be granted.  The risk of harm to Baldwin outweighs any
3  purported harm a temporary restraining order would inflict on Defendant, as Baldwin is more
4  than willing to pay the legally assessed (albeit challenged) portion of his assessment.  Plaintiff
5  respectfully asks this court to grant the relief requested herein.
6
7
8  Respectfully submitted this 30th day of May, 2008.
9
10
11  Gregory J. Koebel
12
13
14
15
16
17
18  3495-01-080530-PL-TRO(Motion).doc
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN K. BALDWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. _____ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

AFFIDAVIT OF DAVID JENSEN
IN SUPPORT OF EMERGENCY MOTION FOR RESTRAINING ORDER

In the COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

On this day, David Jensen appeared before me, the undersigned notary public, and after having administered an oath to him, upon that oath, stated as follows:

1.    I, David Jensen, am competent to make this Affidavit.  The facts stated within this Affidavit are within my personal knowledge and are true and correct.  I am the Chief Financial Officer for John K. Baldwin and the entities he owns and/or manages.

2.    In 2002, John K. Baldwin was a 99.9999% shareholder of Sunset Management, L.L.C. ("Sunset"), which is a partner of Fulham, L.L.C. ("Fulham").  As Chief Financial Officer, I am personally aware of the 2002 tax status of both Sunset and Fulham and the ramifications their legal status has upon the personal income taxes of John K. Baldwin.  I also have personal knowledge of John K. Baldwin's personal tax status and liabilities for tax year 2002 and the correspondence between John K. Baldwin and Defendant relative to tax year 2002.

AFFIDAVIT OF DAVID JENSEN - Page 1 of 3

Exhibit "A"

3.      For the 2002 tax year, Defendant, through its Internal Revenue Service ("IRS"), made an income tax assessment against John K. Baldwin in the amount of $5,131,076. A true and correct copy of the July 24, 2006 Notice of Deficiency and attached exhibits thereto are attached hereto as Exhibit 1 and are incorporated herein for all purposes.

4.      On November 12, 2007, Defendant notified John K. Baldwin of its intent to levy against his property for the amount allegedly owed, which including interest and penalties totaled approximately eight million dollars. A true and correct copy of the Intent to Levy is attached hereto as Exhibit 2 and is incorporated herein for all purposes.

5.      Included in the adjustment to the income of John K. Baldwin for 2002, was the disallowance of a loss of $5,603,892 from Sunset. (Ex. 1). A true and correct copy of Sunset's 2002 Form 1065 is attached hereto as Exhibit 3 and is incorporated herein for all purposes. John K. Baldwin claimed this loss on his 2002 income taxes as a pass-through loss originating from Fulham. A true and correct copy of Fulham's 2002 Form 1065 is attached hereto as Exhibit 4 and is incorporated herein for all purposes.

6.      When originally assessed, the portion of the assessment made against John K. Baldwin that was attributable to the loss from Sunset made up approximately forty percent of the taxes Defendant claims Baldwin owes. (Ex. 1).

7.      Fulham is a partnership regulated by the Tax Equity and Fiscal Responsibility Act of 1982 ("TERFA"). Fulham is currently undergoing a TEFRA audit by Defendant's Maitland, Florida Internal Revenue Service office. To date, no final partnership administrative adjustment has been issued to Fulham.

**AFFIDAVIT OF DAVID JENSEN - Page 2 of 3**

8.    The levy threatened by the IRS would improperly and unnecessarily encumber a large amount of John K. Baldwin's personal assets, which will cause significant financial burden.

9.  As set forth in the accompanying affidavit of Ed Robbins, Mr. Baldwin had his representatives attempt to resolve this matter administratively and while the Service acknowledged the assessment was utterly improper, each person contacted disclaimed any ability to remedy the situation.

David Jensen

SWORN TO AND SUBSCRIBED BEFORE ME by David Jensen on the _28th_ day of _May_, 2008.

Notary Public in and for the State of Nevada, County of Clark

NOTARY PUBLIC
BRIDGET L. WILLIAMS
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. AUGUST 15, 2010
No: 02-77201-1

C:\Documents and Settings\Janet\Temporary Internet Files\Content.IE5\WT6BS5QZ\Jensen Affidavit - TRO[1].doc

**AFFIDAVIT OF DAVID JENSEN - Page 3 of 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| JOHN K. BALDWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF EDWARD M. ROBBINS, JR.
## IN SUPPORT OF EMERGENCY MOTION FOR RESTRAINING ORDER

In the COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

I, EDWARD M. ROBBINS, JR., pursuant to 28 U.S.C. Section 1746, declare

and state as follows:

1. I am a lawyer for the plaintiff in this case.

2. As a lawyer, I have specialized in federal tax controversy work for thirty years.
I am a California Bar Certified Specialist in Taxation Law. I have an LL.M in taxation. I
am an Adjunct Professor at the Loyola Law School where I teach Criminal Tax and Civil
Tax Procedure. My CV may be accessed at www.taxlitigator.com.

3. As part of my duties representing plaintiff, I was assigned the task of dealing
with the federal income tax assessment against plaintiff for the year 2002 in the amount
of $5,131,076 ("the 2002 assessment"). A copy of the assessment notice is attached as
Exhibit 5.

AFFIDAVIT OF EDWARD M. ROBBINS, JR.
- Page 1 of 3

**Exhibit "B"**

4. I was soon apparent that the 2002 assessment was the product of an earlier statutory notice of deficiency that made various adjustments to plaintiff's 2002 federal income tax return. A copy of the statutory notice of deficiency is attached as Exhibit 6.

5. It was also apparent that about 40% of this assessment was improper and illegal, because it related to an adjustment of a partnership item from a TEFRA partnership named Fulham. At the time of the assessment, and to the present date, Fulham and its related TEFRA partnership Claston, have been the subject of a TEFRA examination handled by the Maitland, Florida Internal Revenue Service office.

6. As of the present date, no Notice of Final Partnership Administrative Adjustment ("FPAA") has been issued by the IRS for Fulham and/or Claston.

7. It is fundamental to the statutory scheme of the Internal Revenue Code that no assessment relating to any partnership item may be had, in the absence of consent, without the IRS issuing an FPAA to the related partnership. The TEFRA examination for Fulham and Claston is being conducted by:

Rosalee Hofman, IRS Badge # 59-00862
Internal Revenue Agent, Stop 4366
850 Trafalgar Court, Suite 200
Maitland, Florida 32751-4168
Desk 321-441-2539
Fax 321-441-2583
Cell 407-222-8254
E-mail rosalee.hofman@irs.gov

8. I attempted to administratively resolve this assessment problem by contacting the IRS at its Ogden, Utah campus in response to its first assessment notice. A copy of my correspondence to the IRS is attached hereto as Exhibit 7. The IRS made no reply to this letter.

**AFFIDAVIT OF EDWARD M. ROBBINS, JR.**
**- Page 2 of 3**

9. Later, I again attempted to administratively resolve this assessment problem by contacting the IRS at its Philadelphia, Pennsylvania campus in response to a subsequent assessment notice. A copy of my correspondence to the IRS is attached hereto as Exhibit 8. Again, the IRS made no reply to this letter.

10. I again attempted to administratively resolve this assessment problem by contacting the IRS examining agent at its Maitland, Florida Internal Revenue Service office. I contacted Revenue Agent Rosalee Hofman. While Agent Hofman expressed sympathy to plaintiff's plight, and acknowledged that the TEFRA portion of the assessment is premature and wholly illegal, she was without power to correct the situation.

11. In a final attempt, I contacted the IRS Taxpayer Advocate with another futile attempt to administratively resolve this assessment problem. Attached hereto as Exhibit 9 are transcripts of various voice-mails left with me by the staff member for the Taxpayer Advocate. As can be seen, the Taxpayer Advocate had no ability to solve this problem.

I declare under penalty that the foregoing is true and correct and that this Declaration is executed on May 26, 2008, at Beverly Hills, California.

DATED: May 28, 2008                    Respectfully submitted,


                                       /s/ Edward M. Robbins, Jr.
                                       EDWARD M. ROBBINS, JR.

                                       HOCHMAN, SALKIN, RETTIG,
                                       TOSCHER & PEREZ, P.C.
                                       9150 Wilshire Boulevard, Suite 300
                                       Beverly Hills, California 90212-3414
                                       Telephone: (310) 281-3200
                                       Fax: (310) 859-1430


**AFFIDAVIT OF EDWARD M. ROBBINS, JR.**
 **- Page 3 of 3**