**GREGORY J. KOEBEL**
**ROBERT J. O'CONNOR**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff John K. Baldwin*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **JOHN K. BALDWIN**  ) | CIVIL CASE NO. 08-0024 |
| ) | |
| **Plaintiff,**  ) | |
| ) | |
| vs.  ) | |
| ) | |
| **UNITED STATES OF AMERICA,**  ) | **MOTION TO FILE DOCUMENTS** |
| ) | **UNDER SEAL** |
| **Defendant.**  ) | |

COMES NOW, Plaintiff John K. Baldwin, through his attorneys, and hereby respectfully moves this Honorable Court for an Order permitting the filing of documents under seal. The Plaintiff has concurrently filed an <u>Emergency Motion for Temporary Restraining Order</u> in the above-captioned matter. The exhibits referred to both in that Motion and in the Complaint consist of tax returns and other sensitive personal tax information. Such documents should be filed under seal to prevent public access to the sensitive and private material conveyed in these documents.

# INTRODUCTION

As the Complaint previously filed in this matter alleges, Defendant is attempting to file notices of Federal Tax Lien and levy illegally assessed taxes. Plaintiff seeks an order from this Court enjoining the United States from doing so. Plaintiff has also filed concurrently herewith, an Emergency Motion for a Temporary Restraining Order. This is supported by affidavits and exhibits that include the sensitive and inherently private material sought to be filed under seal.

# ARGUMENT

The Court inherently has the power to control its docket, and has the power to seal documents filed in any action. *See generally*, *Hagestad v. Tragesser*, 49 F.3d 1430, 1435 (Or.,1995)(District court's inherent supervisory power provided it with jurisdiction to order sealing of its records); *Matter of Sealed Affidavit(s) to Search Warrants Executed on February 14, 1979*, 600 F.2d 1256, 1258 (Nev.,1979)(Courts have inherent power, as incident to their constitutional function, to control papers filed with courts within certain constitutional and other limitations); *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1297 (Nev.,1986)(Common-law right to copy and inspect public records is not of constitutional dimension, is not absolute, and is not entitled to the same level of protection afforded constitutional rights); *and San Jose Mercury News, Inc. v. U.S. Dist. Court--Northern Dist. (San Jose)*, 187 F.3d 1096, 1103 (Cal.1999)(Public's common-law right of access to court records in civil cases before judgment is not absolute, and is not entitled to same level of protection accorded a constitutional right; thus, although common-law right creates strong presumption in favor of access, presumption can be overcome by sufficiently important countervailing interests).

Here, the Court has the power and the authority to order the exhibits that are referenced in the affidavits supporting Plaintiff's motion for temporary restraining order and the original Complaint to be filed under seal. Such an order is proper as the Constitutional right to privacy

outweighs the right of access to the courts by the general public.  This information is necessary for the progression of the case, but should be protected against public dissemination.

Further, the Constitutional right to privacy is guaranteed in the 14th Amendment to the Constitution of the United States.  *U.S.C.A. Const.Amend. 14*.  The 9th Circuit has interpreted that right to include the protection of personal documents.  *See Davis v. Bucher*, 853 F.2d 718, 721 (Wash.1988)(One component of right of privacy resident in the Fourteenth Amendment is individual interest in avoiding disclosure of personal matters.)  Few things are more personal than one's tax information.  The documents contain many personal identifiers that would make redaction difficult, and render the documents illegible.  The Court should order the filing of the documents under seal.  Copies of these documents are already in the Defendant's possession, and therefore, Defendant cannot be prejudiced by any protective order in this matter.  Plaintiff will also serve the Defendant by hand with these exhibits.

Courts routinely allow the filing of tax return information under seal.  In fact, even upon the unsealing of the court record at the conclusion of a matter, the tax return information will remain sealed.  *See Doyal v. U.S.*, 308 F.Supp2d 1003, 1006 (Ariz.2003).  Clearly the right to privacy with regard to tax return information is a compelling interest to overcome the presumption of open access to the information filed with the Court and the Order should be granted permitting Plaintiff leave to file documents under seal.

## **CONCLUSION**

For the reasons stated above, Plaintiff be permitted to file sensitive tax information under seal with the Clerk of Court.

1 | Respectfully submitted this 30th day of May, 2008.

O'CONNOR BERMAN DOTTS & BANES<br>Attorneys for John K. Baldwin

By: _____/s/_____
GREGORY J. KOEBEL

K:/3495-01 Baldwin/3495-01-080530-MotionFileSeal.doc

4